## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JUDSON CLAY PANKEY,**

**Plaintiff,**

**v.**                                                   **Case No. 6:16-cv-1011-Orl-37GJK**

**AETNA LIFE INSURANCE COMPANY;**
**and MES GROUP, INC.,**

**Defendants.**

---

## ORDER

This cause is before the Court on the following matters:

(1)    Defendants' Motion to Dismiss with Supporting Memorandum of Law
       (Doc. 14), filed July 14, 2016;

(2)    Response in Opposition to Defendants' Motion to Dismiss (Doc. 27), filed
       August 30, 2016;

(3)    Defendants' Reply in Support of Defendants' Motion to Dismiss (Doc. 32),
       filed September 9, 2016; and

(4)    Defendants' Motion to Stay Discovery Pending the Court's Determination of
       Defendants' Motion to Dismiss [DE 14] with Incorporated Memorandum of
       Law (Doc. 26), filed August 30, 2016.

## BACKGROUND

On June 10, 2016, pro se plaintiff Judson Clay Pankey ("**Plaintiff**") filed a

seven-count Complaint against Defendants Aetna Life Insurance Company ("**Aetna**") and

MES Group, Inc. ("**MES**"). (Doc. 1.) In accordance with Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6), Defendants moved to dismiss the Complaint with

prejudice (Doc. 14 ("**MTD**")), Plaintiff filed a response (Doc. 27 ("**Response**")), and Defendant filed an authorized reply (Doc. 32 ("**Reply**")). Finally, Defendant filed an unopposed motion for stay of discovery pending resolution of the MTD (Doc. 26 ("**Stay Motion**")). These matters are now ripe for adjudication.

## LEGAL STANDARDS

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth the minimum requirements for complaints filed in this Court. In particular, complaints: (1) must include "short and plain" statements of the basis for jurisdiction and the pleader's claims; (2) must be organized in "numbered paragraphs each limited as far as practicable to a single set of circumstances"; and (3) may not provide only labels, legal conclusions, or formulaic recitation of the elements of a claim. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Local Rules 1.05, 1.06. Failure to fulfill these minimum requirements may be raised in motions to dismiss brought pursuant to Rule 12(b)(1)—for deficient jurisdictional allegations—and Rule 12(b)(6)—for deficiently stated claims. Further, courts should–sua sponte—require repleader when confronted with a shotgun pleading. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127–28 (11th Cir. 2014).

## DISCUSSION

At the outset, the Court agrees with Defendants that the Complaint cannot stand because it is a confusing and impermissible shotgun pleading. Each of the seven counts incorporate by reference the first thirty paragraphs of the Complaint and then summarily allege purported violations of Title III of the Americans with Disabilities Act ("**ADA**"). (*Id.* ¶¶ 31–47.) Specifically, after indiscriminately and repeatedly incorporating the first thirty

paragraphs of the Complaint, Plaintiff alleges that Aetna violated:

(1)     42 U.S.C. § 12182(b)(1)(A)(i) when it allegedly discriminated against Plaintiff because of his disability—a profound hearing impairment ("**Disability**")—"by failing to provide the accommodation of" Communication Access Real-Time Translation ("**CART**") for use during a proposed meeting in 2012 ("**2012 Meeting**"), which concerned Plaintiff's claim for benefits under long term disability insurance policy number GP-474696-GI ("**Policy**") (*id.* ¶¶ 1, 7–9, 31, 32 ("**Count I**"));

(2)     42 U.S.C. § 12182(b)(2)(A)(ii) and (iii) when it allegedly discriminated against Plaintiff by directing one of its subsidiaries to "conduct a home visit, if needed, with no adaptive devices" for Plaintiff (*id.* ¶¶ 33, 34 ("**Count II**"));

(3)     42 U.S.C. § 12203(b) when it allegedly interfered with Plaintiff's "exercise of his rights for the use of CART . . . by taking 117 days to schedule CART services, by changing the [2012 Meeting] to a conference call" ("**2012 Call**"), "by ceasing efforts to schedule" the 2012 Call (*id.* ¶¶ 35, 36 ("**Count III**")) and by "populating its internal notes system" with unsupported negative statements concerning Plaintiff (*id.* ¶¶ 37, 38 ("**Count IV**")); and

(4)     42 U.S.C. § 12203(a) when—as retaliation against Plaintiff for asserting his rights under the ADA—Aetna allegedly disclosed Plaintiff's confidential information to an unnamed person (*id.* ¶¶ 43, 44 ("**Count VI**")) and demanded repayment of $142.12 from Plaintiff (*id.* ¶¶ 45, 46 ("**Count VII**")).

Plaintiff further alleges that Aetna and MES ("**Defendants**") violated 42 U.S.C. § 12203(a) when—to further retaliate against Plaintiff for asserting his rights under the ADA—the Defendants failed to follow the standard of care established under 42 U.S.C. § 1320d-6 ("**HIPPA**"). (*See id.* ¶¶ 39–42 ("**Count V**").)

Notably, the thirty paragraphs incorporated by reference in each count describe varied events that occurred over approximately five years. (*See id.* ¶¶ 1–30.) This quintessential shotgun pleading style is confusing and cannot be permitted. For this reason alone, repleader is required. *See Paylor*, 748 F.3d at 1127–28; *Hickman v.*

*Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014); *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty College*, 77 F.3d 364, 367 (11th Cir.1996).

Although dismissal of the Complaint is required, the Court briefly addresses Defendants' arguments that: (1) Plaintiff's claims fail as a matter of law because they are preempted under the Employee Retirement Income Security Act of 1974 ("**ERISA**"), 29 U.S.C. § 1001, which provides "the *exclusive* means by which an ERISA-plan beneficiary may challenge an insurer's processing of benefits" (*see* Doc. 14, pp. 6–9 ("**Preemption Argument**")); and (2)  the Court lacks jurisdiction over this action because Plaintiff "lacks Article III standing" ("**Standing Argument**"). (Doc. 14.)

Plaintiff contends that his claims are not preempted because they concern his federal civil rights and "the manner in which Defendants administer" the Policy—not a benefits determination (*see id.* at 4–6). Plaintiff also contends that the Standing Argument fails because an ongoing "contractual relationship" exists between Plaintiff and Defendants (Doc. 27, pp. 6–10).

As to the Preemption Argument, the Plaintiff is correct that ERISA's preemption provision is limited to state laws—not federal laws like the ADA. *See* 29 U.S.C. § 1144(d); *see also Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 197 (1st Cir. 2015); *Olson v. Dex Imaging, Inc.*, 63 F. Supp.3d 1353, 1361–62 (M.D. Fla. 2014) (denying motion to dismiss). Thus, Plaintiff's claims are not due to be dismissed at the pleading stage based on preemption. In contrast, Defendant has the better Standing Argument. Plaintiff seeks only injunctive and declaratory relief, yet he provides an entirely conclusory and insufficient allegation that he "will continue to be irreparably injured by the conduct of the Defendants unless this [C]ourt grants the declaratory and injunctive relief which he seeks." (*See*

Doc. 1, ¶ 47.) Further, Plaintiff's "Prayer for Relief" seeks little more than compliance with non-specific "requirements of Title III of the ADA." (*See id.* at 14.) Although these allegations plainly are deficient, the Court does not agree with Defendants that amendment would be futile. Accordingly, the Complaint is due to be dismissed *without* prejudice, and the Stay Motion is due to be denied as moot.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1)     Defendants' Motion to Dismiss with Supporting Memorandum of Law (Doc. 14) is **GRANTED**.

(2)     On or before **Friday, December 2, 2016**, Plaintiff may file an Amended Complaint in accordance with this Order and Rules 8 and 10 of the Federal Rules of Civil Procedure.

(3)      If Plaintiff fails to timely file an Amended Complaint, the Court will dismiss this action for failure to prosecute and will close this file without further notice to Plaintiff.

(4)     Defendants' Motion to Stay Discovery Pending the Court's Determination of Defendants' Motion to Dismiss [DE 14] with Incorporated Memorandum of Law (Doc. 26) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 17, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record