# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUDSON CLAY PANKEY,**

      **Plaintiff,**

v.                                        Case No:   6:16-cv-1011-Orl-37GJK

**AETNA LIFE INSURANCE COMPANY**
**and MES GROUP, INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS' MOTION TO STRIKE EXHIBITS 1 AND 3, AND CORRESPONDING REFERENCES THERETO, IN PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (Doc. No. 39)
>
> **FILED:** January 4, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. FACTUAL BACKGROUND

The matter before the Court arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and centers on a dispute between Plaintiff and the administrator of his life, accident, and health insurance policy. Doc. No. 35 at 1-2. On December 1, 2016, Plaintiff, proceeding *pro se*, filed the operative complaint against Defendants (the "Complaint"). Doc. No. 35. In the Complaint, Plaintiff alleges that Defendants discriminated against him on the basis of his disability by: 1) denying him services that that were provided to

other customers (Count I); 2) instituting policies denying him services that were provided to other customers (Count II); 3) retaliating against Plaintiff by disclosing protected health information after becoming aware of Plaintiff's administrative complaint filed with the United States Department of Justice (the "DOJ") (Count III); and 4) retaliating against Plaintiff by disclosing Plaintiff's personal information after being contacted by a DOJ-sponsored mediation program representative (Count IV).[1] Doc. No. 35 at 1-2.

On December 15, 2016, Defendants filed their Motion to Dismiss the Complaint (the "Motion to Dismiss"). Doc. No. 36. On December 28, 2016, Plaintiff filed his response to the Motion to Dismiss (the "Response"). Doc. No. 37. In the Response, Plaintiff states:

> During Plaintiff's time to respond to [the Motion to Dismiss], he first became aware on December 22, 2016 that he is a victim of identity theft. This new information is discussed further herein and will affect the Court's determination of Count IV of [the Complaint].

Doc. No. 37 at 2. Plaintiff refers to the alleged identity theft in other parts of the Response. Doc. No. 37 at 4-5, 19, 20. Plaintiff also attaches, *inter alia,* two exhibits to the Response: 1) an Identity Theft Victim's Complaint and Affidavit that Plaintiff purportedly filed with the City of DeLand, Florida Police Department; and 2) a webpage printout entitled "Top 10 Myths About Identity Theft". Doc. No. 37 at 4-5; Doc. No. 37-1 at 1-9, 12-21. Thus, Plaintiff provides new evidence that was not introduced in the Complaint, but argues that such information will support his claim that Defendants retaliated against him in response to being contacted by the DOJ-sponsored mediation representative. Doc. No. 37 at 2.

---

[1] Specifically, Plaintiff argues that one week after Defendant Aetna was contacted by the DOJ's mediation representative, Defendant contacted Plaintiff and told him that "some of his personal information was sent by mistake on a compact disc to another member." Doc. No. 35 at 13. Plaintiff later states that such information included, *inter alia*, his social security number, social security benefit information, employment history, pension information, medical information, and salary information. *Id.*

On January 4, 2017, Defendants filed a Motion to Strike (the "Motion"), requesting the Court strike the aforementioned exhibits and all references thereto. Doc. No. 39. Defendants argue that the exhibits provide information "beyond the allegations contained in [the Complaint]". Doc. No. 39 at 3. Defendants also state that the exhibits should be stricken "because they are immaterial to Plaintiff's claims and apparently are intended to defame and embarrass Defendants." *Id.* at 4. Plaintiff never responded to the Motion.

## II.   APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As a general matter, "a motion to strike is a drastic remedy and is disfavored by the courts." *S.P. Richards Co. v. Hyde Park Paper Co., Inc.*, Case No. 8:11-cv-1204-EAK-TGW, 2015 WL 4548707, at *1 (M.D. Fla. July 28, 2015) (citing *Rehyer v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)). A motion to strike will usually be denied unless "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

## III.   ANALYSIS

"The purpose of a motion to dismiss is to test the complaint to ensure that the factual allegations contained therein, if proven, would entitle [a plaintiff] to the relief sought…" *Lee v. Security Check, LLC*, 3:09-cv-421-J-12TEM, 2009 WL 3790455, at *2 (M.D. Fla. Nov. 9, 2009). Accordingly, "[w]hen considering a motion to dismiss…the Court <u>limits its consideration to the pleadings and exhibits attached thereto</u>." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (emphasis added). Courts within the circuit have held that a litigant cannot supplement his or her pleadings in a response to a motion to dismiss. *See Lee,* 2009 WL 3790455

at *2 (striking exhibits attached to a response to a motion to dismiss because "the exhibits and new factual assertions addressed…attempt to insert new facts not contained in [plaintiff's complaint]"); *Brandywine Communications Tech., LLC v. T-Mobile USA, Inc.*, 904 F.Supp.2d 1260, 1272 n.13 (M.D. Fla. 2012) ("Plaintiff cannot add facts bolstering its allegations within its response to a motion to dismiss…").

In the Complaint, Plaintiff alleges that Defendants discriminated against him on the basis of his disability in numerous ways. Doc. No. 35 at 2. However, Plaintiff does not mention identity theft in his Complaint. Plaintiff states that he is incorporating facts and exhibits regarding the alleged identity theft in the Response because such evidence is newly discovered. Doc. No. 37 at 2. As stated above, a response to a motion to dismiss is not the proper avenue to supplement the Complaint's allegations. *Brandywine Communications Tech., LLC,* 904 F.Supp.2d at 1272 n.13. Should new facts arise during the course of the litigation, Plaintiff may seek leave of court to file an amended complaint that includes new allegations and evidence. *See* Fed. R. Civ. P. 15(a).

Accordingly, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion (Doc. No. 39); and
2) **STRIKE** Exhibits 1 and 3 attached to the Response and any corresponding references thereto.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 24, 2017.

/s/ Gregory Kelly
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy